

**ORDERED in the Southern District of Florida on December 27, 2018.**

Laurel M. Isicoff
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE:    Vivian Sanchez | Case No: 18-20331-LMI |
|          Debtor.       / | Chapter 13 |

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY   Westbird Village Condominium Association, Inc.**

THIS CASE came to be heard on   December 4, 2018 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE  24; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the debtor's real property (the "Real Property") located at   3581 SW 117th Avenue, Unit 5-303, Miami, FL 33175-1779, and more particularly described as

WESTBIRD VILLAGE CONDO UNIT 5-303 UNDIV 0.004883827% INT IN COMMON ELEMENTS OFF REC 24047-0458 COC 24691-0522 06 2006 1

is $ __119,138.00____ at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of _Westbird Village Condominium Association, Inc._ (the "Lienholder") is $ _252,295.00_.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lienholder is $ _0.00_____ and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ __0.00_____.

3. *[IF LIEN IS STRIPPED OFF]* Because Lienholder's secured interest in the Real Property is $0, Lienholder's lien recorded on _September 29, 2017_ at OR BOOK _30699 Page 4235 (CFN 2017R0547947)_ of the official records of _Miami-Dade_ County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. (Select only one):

    _____ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be

    classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

  or

  __X___ Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ __6,834.29__, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

**Submitted by:**

/s/ Robert Sanchez
Robert Sanchez, Esq.
Robert Sanchez, P.A.
355 West 49th Street
Hialeah, FL 33012
Tel: (305) 687-8008
Fl Bar No. 0442161

Attorney __Sanchez__ is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.